**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUIS MANUEL RODRIGUEZ GARCIA,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2328-KC** |
| **DAVID J. VENTURELLA, et al.,** | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Luis Manuel Rodriguez Garcia's Petition for a Writ of Habeas Corpus, ECF No. 1. Rodriguez Garcia, a citizen of Mexico, is held in immigration detention at the ERO El Paso Camp East Montana in El Paso, Texas. Pet. ¶¶ 10, 14. He argues that his detention without an individualized custody determination is unlawful on constitutional due process grounds and asks the Court to order his release, or in the alternative, a bond hearing. *Id.* ¶¶ 50–77; *id.* at 30–31.

Respondents state that Rodriguez Garcia made two attempts prior to 2005 to enter the United States, but was voluntarily returned to Mexico on both occasions. Resp. 10, ECF No. 3. Rodriguez Garcia alleges that he "entered the United States in April 2005 and has remained continuously physically present since then, living openly in the community and supporting his family." Pet. ¶ 32. On or around August 27, 2026, Rodriguez Garcia was detained by immigration authorities after a traffic stop. *Id.* ¶ 33; Resp. 10. On August 28, 2026, his removal proceedings were initiated. Resp. 10. Rodriguez Garcia has a hearing scheduled for October 7, 2026, in his immigration proceeding. *See id.* He remains in immigration detention. *Id.* In its Show Cause Order, ECF No. 2, the Court noted that,"[a]s alleged, [Rodriguez Garcia's] case

appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 4. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Rodriguez Garcia's case warrant a different outcome." *Id.*

On September 22, 2026, Respondents filed their Response, ECF No. 3, in which they argue that Rodriguez Garcia's case must be dismissed following *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Resp. 1, 11–12. Respondents also argue that the en banc Fifth Circuit's issuance of a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds, *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026), bars this Court from considering Rodriguez Garcia's procedural due process claim. Resp. 1–7.

Rodriguez Garcia's Petition challenges his detention without an opportunity for a meaningful individualized custody determination as unlawful on constitutional due process grounds. *See* Pet. ¶¶ 50–77. To the extent Rodriguez Garcia challenges his detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Rodriguez Garcia's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 166 F.4th at 494. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on

this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases). As to Respondents' latter argument that *Sosnava Rodriguez* bars consideration of Rodriguez Garcia's claim, Resp. 1–7, the Court rejects those arguments for the reasons stated in its Show Cause Order.[1] *See* Show Cause Order 1–3.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–31, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences between Rodriguez Garcia's case and this Court's prior decisions, and neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bar consideration of Rodriguez Garcia's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

[1] Respondents also argue that the stay order entered in *Tolentino-Rodriguez v. Blanche* clarifies that *Sosnava Rodriguez* applies to "all cases in the Fifth Circuit cases [sic] involving habeas litigation surrounding mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and due process concerns." Resp. 2–3; *see also* Order, *Tolentino-Rodriguez v. Blanche,* No. 26-20424 (5th Cir. Aug. 27, 2026), ECF No. 32-1. But the order in *Tolentino-Rodriguez*, as in *Sosnava Rodriguez*, offers no explanation. If anything, the stay of the district courts' judgments in *Tolentino-Rodriguez* further undermines Respondents' argument that the *Sosnava Rodriguez* court intended to stay all immigration habeas proceedings throughout the Fifth Circuit. It shows, instead, that such stays must be requested and adjudicated ad hoc considering the particular circumstances of each case.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Rodriguez Garcia's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before September 30, 2026**, Respondents shall either: (1) provide Rodriguez Garcia with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Rodriguez Garcia's continued detention; or (2) release Rodriguez Garcia from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before September 30, 2026**, Respondents shall **FILE** notice informing the Court whether Rodriguez Garcia has been released from custody. If Rodriguez Garcia has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Rodriguez Garcia is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release. Such property includes, but is not limited to, identification documents.

---

[2] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 10, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[3] As to Rodriguez Garcia's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**<u>There will be no extensions of the September 30, 2026, deadlines</u>**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**<u>Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody</u>**.

**SO ORDERED**.

**SIGNED this 23rd day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE